

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 APR 10 PM 4: 48

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

DAMEION HINES,

    Plaintiff,

v.

STEPHEN DAVID MARTINEZ,

    Defendant.

Civil Action No. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(JURY TRIAL DEMANDED)**

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Dameion Hines, proceeding pro se, brings this action against Defendant Stephen David Martinez and alleges as follows:

## I. PARTIES

1. Plaintiff Dameion Hines is a natural person and resident of Denver, Colorado, residing at 25 E. 5th St., Apt. 709, Denver, CO 80203. Plaintiff is the sole owner and operator of Heavy Elbow Bodywork LLC (Colorado SOS ID: 20141481052), a licensed massage therapy and structural bodywork practice located at 8 E. First Ave., Suite 108, Denver, CO 80203.

2. Defendant Stephen David Martinez is a natural person believed to reside at 2951 N. Franklin St., Denver, CO 80205. Defendant is known to Plaintiff as a long-standing adversary originating from a documented altercation at Gateway High School, Denver, Colorado, in or around 1993.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims arising under 18 U.S.C. § 1962 (RICO), 18 U.S.C. § 1030 (CFAA), 18 U.S.C. § 2261A (federal stalking), 18 U.S.C. § 1343 (wire fraud), and 42 U.S.C. § 1983 (civil rights). Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, Plaintiff resides in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## III. FACTUAL BACKGROUND

### A. Origins of the Campaign

5. Beginning in or around 1993 and escalating continuously through the date of this filing, Defendant Stephen David Martinez has engaged in a sustained, multi-year coordinated campaign of

harassment, cyber intrusion, financial fraud, physical stalking, vehicle tampering, and institutional obstruction directed at Plaintiff.

6. The campaign's origins trace to a documented altercation at Gateway High School in Denver, Colorado. What began as a personal grievance by Defendant has evolved over more than three decades into a systematic pattern of racketeering activity spanning financial, digital, physical, and institutional domains.

## B. Cyber Intrusion and Digital Exploitation

7. Defendant gained unauthorized access to Plaintiff's personal computers, mobile devices, financial accounts, and online platforms without Plaintiff's knowledge or authorization. This unauthorized access occurred repeatedly over multiple years and constitutes multiple violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

8. Through unauthorized access, Defendant intercepted private communications, obtained financial account credentials, and manipulated account settings to enable downstream financial fraud and harassment.

9. Defendant engaged in telecommunications interception, monitoring Plaintiff's calls, messages, and electronic communications without consent, in violation of federal wiretapping statutes and Colorado state law.

## C. Financial Fraud — Debt-Trap Engineering

10. Defendant orchestrated a systematic financial exploitation framework — hereinafter referred to as 'Debt-Trap Engineering' (DTE) — designed to maximize financial pressure on Plaintiff across nine identified financial accounts simultaneously.

11. The nine financial accounts subjected to DTE activity include: Wells Fargo (personal banking), American Express (personal and business), Apple Card, PayPal, Chase, Tesla Insurance, and Plaintiff's residential mortgage (Loan #665456539, UWM/Mr. Cooper/Nationstar).

12. In or around April 2021, Defendant orchestrated a peak DTE event in which seven simultaneous financial pressure vectors were activated within a single PayPal account within a condensed timeframe. This coordinated multi-vector pressure event constitutes the mathematical centerpiece of the financial fraud documented herein.

13. Through DTE activity, Defendant caused Plaintiff to incur fraudulent charges, unauthorized transfers, account closures, credit damage, and liquidity crises that directly undermined Plaintiff's ability to meet business and personal financial obligations.

## D. Wrongful Foreclosure — 2947 N. Franklin Street

14. Plaintiff was the owner of residential real property located at 2947 N. Franklin St., Denver, Colorado. This property was valued at approximately $697,000–$730,000 at the time of loss.

15. As a direct and proximate result of Defendant's DTE campaign and coordinated interference with Plaintiff's mortgage account (Loan #665456539), Plaintiff's property at 2947 N. Franklin St. was wrongfully foreclosed upon in September 2024.

16. The foreclosure was facilitated by manufactured defaults, suppressed loan modification communications, and account manipulation consistent with the broader DTE framework,

depriving Plaintiff of equity in excess of $697,000.

## E. Vehicle Tampering and Tesla Insurance Fraud

17. Plaintiff owns a Tesla Model 3 (VIN: 5YJ3E1EA1PF403471). Defendant engaged in unauthorized tampering with this vehicle and associated digital systems, including telematics and connectivity features.

18. Defendant caused or facilitated the fraudulent creation of dual insurance policies associated with Plaintiff's Tesla — Policy Nos. TLA-CO-A-9999P2GR and TLA-CO-A-9999S52T — resulting in Claim No. CL-88-99S52T-1 and causing direct financial and insurance harm to Plaintiff.

19. In or around April 2025, Plaintiff was involved in a crash near Crestone, Colorado, the circumstances of which are consistent with vehicle systems interference attributable to Defendant's pattern of conduct.

## F. Physical Stalking and Harassment

20. Defendant engaged in a sustained course of physical surveillance and harassment of Plaintiff spanning from at least May 2020 through the date of this filing, as documented in twenty-eight (28) discrete incidents logged across that period.

21. Plaintiff filed multiple police reports with the Denver Police Department documenting incidents of stalking, harassment, and related conduct, including DPD Reports: DPD-23-0399494, DPD-23-273660, DPD-24-0180705, DPD-24-151781, and DPD-25-072705.

22. Despite documented reports, law enforcement failed to take adequate protective action, a failure consistent with Defendant's demonstrated ability to interfere with institutional processes.

## G. Solar System Sabotage

23. Plaintiff's residential solar energy system (Mosaic Solar) was subjected to deliberate sabotage consistent with Defendant's broader campaign, resulting in financial loss and deprivation of energy resources.

## H. Institutional Obstruction and Civil Rights Deprivation

24. Defendant, acting individually and in concert with persons acting under color of state law, obstructed Plaintiff's access to law enforcement, legal processes, and governmental protections to which Plaintiff is entitled under the United States Constitution.

25. These acts deprived Plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## IV. CAUSES OF ACTION

### COUNT I — CIVIL RICO (18 U.S.C. § 1962(c))

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Defendant constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4) and conducted the affairs of that enterprise through a pattern of racketeering activity.

28. The pattern of racketeering activity includes predicate acts of: wire fraud (18 U.S.C. § 1343), computer fraud (18 U.S.C. § 1030), identity theft, financial account manipulation, extortion, obstruction of justice, and telecommunications fraud, all committed in furtherance of the scheme described herein.

29. The predicate acts constitute a pattern spanning more than thirty years, establishing both continuity and relatedness as required under 18 U.S.C. § 1962.

30. As a direct and proximate result of Defendant's RICO violations, Plaintiff has suffered damages in an amount to be proven at trial, and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

### COUNT II — COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendant intentionally accessed Plaintiff's protected computers and electronic accounts without authorization and in excess of authorized access, in violation of 18 U.S.C. § 1030(a).

33. Defendant obtained information from Plaintiff's protected computers, caused damage and loss exceeding $5,000 in a one-year period, and caused damage to Plaintiff's business operations and financial accounts.

34. As a direct and proximate result of Defendant's CFAA violations, Plaintiff suffered losses and damages recoverable under 18 U.S.C. § 1030(g).

### COUNT III — FEDERAL STALKING (18 U.S.C. § 2261A)

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendant, using mail, interactive computer services, electronic communication services, and interstate commerce facilities, engaged in a course of conduct that caused Plaintiff substantial emotional distress and placed Plaintiff in reasonable fear of death or serious bodily injury, in violation of 18 U.S.C. § 2261A.

37. The course of stalking conduct spans decades and includes physical surveillance, digital monitoring, harassment through financial systems, and interference with Plaintiff's business and personal life.

### COUNT IV — WIRE FRAUD (18 U.S.C. § 1343)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Defendant devised and executed a scheme to defraud Plaintiff using wire communications, including electronic funds transfers, internet communications, and digital account manipulations, in furtherance of the Debt-Trap Engineering scheme described herein.

40. Each fraudulent wire transmission constitutes a separate violation of 18 U.S.C. § 1343, and the aggregate harm caused by these transmissions exceeds $15,000,000.

## COUNT V — CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendant, acting under color of state law or in concert with persons acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution, including rights under the First, Fourth, and Fourteenth Amendments.

43. These deprivations include denial of equal protection, interference with access to law enforcement and judicial processes, and deprivation of liberty and property without due process of law.

## COUNT VI — COLORADO STATE LAW CLAIMS

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Defendant's conduct constitutes violations of Colorado state law including: (a) Colorado Consumer Protection Act, C.R.S. § 6-1-105; (b) tortious interference with business relations; (c) intentional infliction of emotional distress; (d) civil conspiracy; (e) trespass to chattels; and (f) fraudulent misrepresentation.

## V. DAMAGES

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following categories of damages:

| Category | Estimated Amount |
| --- | --- |
| Wrongful foreclosure — 2947 N. Franklin St. | $697,000 – $730,000 |
| Financial account fraud and DTE losses | $250,000+ |
| Tesla vehicle tampering and insurance fraud | $75,000+ |
| Business losses — Heavy Elbow Bodywork LLC | $200,000+ |
| Solar system sabotage | $35,000+ |
| Emotional distress and personal harm | $500,000+ |
| RICO treble damages | 3x actual damages |
| **TOTAL DEMAND** | **$15,000,000** |

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dameion Hines respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant on all counts;

2. Award compensatory damages in an amount to be proven at trial, in no event less than $15,000,000;

3. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations;

**4.** Issue a permanent injunction prohibiting Defendant from any further contact with Plaintiff, Plaintiff's business, Plaintiff's financial accounts, and Plaintiff's electronic systems;

**5.** Award punitive damages in an amount sufficient to deter future misconduct;

**6.** Award attorney's fees and costs to the extent permitted by law;

**7.** Order an accounting of all financial transactions subject to Defendant's interference;

**8.** Grant such other and further relief as the Court deems just and proper.

---

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Dameion Hines, Pro Se Plaintiff

25 E. 5th St., Apt. 709

Denver, CO 80203

Date: April 9, 2026

*CERTIFICATION: I certify that the foregoing is true and correct to the best of my knowledge, information, and belief, signed under penalty of perjury pursuant to 28 U.S.C. § 1746.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

DAMEION HINES,

       Plaintiff,

v.

STEPHEN DAVID MARTINEZ,

       Defendant.

Civil Action No. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(JURY TRIAL DEMANDED)**

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Dameion Hines, proceeding pro se, brings this action against Defendant Stephen David Martinez and alleges as follows:

## I. PARTIES

1. Plaintiff Dameion Hines is a natural person and resident of Denver, Colorado, residing at 25 E. 5th St., Apt. 709, Denver, CO 80203. Plaintiff is the sole owner and operator of Heavy Elbow Bodywork LLC (Colorado SOS ID: 20141481052), a licensed massage therapy and structural bodywork practice located at 8 E. First Ave., Suite 108, Denver, CO 80203.

2. Defendant Stephen David Martinez is a natural person believed to reside at 2951 N. Franklin St., Denver, CO 80205. Defendant is known to Plaintiff as a long-standing adversary originating from a documented altercation at Gateway High School, Denver, Colorado, in or around 1993.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims arising under 18 U.S.C. § 1962 (RICO), 18 U.S.C. § 1030 (CFAA), 18 U.S.C. § 2261A (federal stalking), 18 U.S.C. § 1343 (wire fraud), and 42 U.S.C. § 1983 (civil rights). Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, Plaintiff resides in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## III. FACTUAL BACKGROUND

### A. Origins of the Campaign

5. Beginning in or around 1993 and escalating continuously through the date of this filing, Defendant Stephen David Martinez has engaged in a sustained, multi-year coordinated campaign of

harassment, cyber intrusion, financial fraud, physical stalking, vehicle tampering, and institutional obstruction directed at Plaintiff.

6. The campaign's origins trace to a documented altercation at Gateway High School in Denver, Colorado. What began as a personal grievance by Defendant has evolved over more than three decades into a systematic pattern of racketeering activity spanning financial, digital, physical, and institutional domains.

## B. Cyber Intrusion and Digital Exploitation

7. Defendant gained unauthorized access to Plaintiff's personal computers, mobile devices, financial accounts, and online platforms without Plaintiff's knowledge or authorization. This unauthorized access occurred repeatedly over multiple years and constitutes multiple violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

8. Through unauthorized access, Defendant intercepted private communications, obtained financial account credentials, and manipulated account settings to enable downstream financial fraud and harassment.

9. Defendant engaged in telecommunications interception, monitoring Plaintiff's calls, messages, and electronic communications without consent, in violation of federal wiretapping statutes and Colorado state law.

## C. Financial Fraud — Debt-Trap Engineering

10. Defendant orchestrated a systematic financial exploitation framework — hereinafter referred to as 'Debt-Trap Engineering' (DTE) — designed to maximize financial pressure on Plaintiff across nine identified financial accounts simultaneously.

11. The nine financial accounts subjected to DTE activity include: Wells Fargo (personal banking), American Express (personal and business), Apple Card, PayPal, Chase, Tesla Insurance, and Plaintiff's residential mortgage (Loan #665456539, UWM/Mr. Cooper/Nationstar).

12. In or around April 2021, Defendant orchestrated a peak DTE event in which seven simultaneous financial pressure vectors were activated within a single PayPal account within a condensed timeframe. This coordinated multi-vector pressure event constitutes the mathematical centerpiece of the financial fraud documented herein.

13. Through DTE activity, Defendant caused Plaintiff to incur fraudulent charges, unauthorized transfers, account closures, credit damage, and liquidity crises that directly undermined Plaintiff's ability to meet business and personal financial obligations.

## D. Wrongful Foreclosure — 2947 N. Franklin Street

14. Plaintiff was the owner of residential real property located at 2947 N. Franklin St., Denver, Colorado. This property was valued at approximately $697,000–$730,000 at the time of loss.

15. As a direct and proximate result of Defendant's DTE campaign and coordinated interference with Plaintiff's mortgage account (Loan #665456539), Plaintiff's property at 2947 N. Franklin St. was wrongfully foreclosed upon in September 2024.

16. The foreclosure was facilitated by manufactured defaults, suppressed loan modification communications, and account manipulation consistent with the broader DTE framework,

depriving Plaintiff of equity in excess of $697,000.

## E. Vehicle Tampering and Tesla Insurance Fraud

17. Plaintiff owns a Tesla Model 3 (VIN: 5YJ3E1EA1PF403471). Defendant engaged in unauthorized tampering with this vehicle and associated digital systems, including telematics and connectivity features.

18. Defendant caused or facilitated the fraudulent creation of dual insurance policies associated with Plaintiff's Tesla — Policy Nos. TLA-CO-A-9999P2GR and TLA-CO-A-9999S52T — resulting in Claim No. CL-88-99S52T-1 and causing direct financial and insurance harm to Plaintiff.

19. In or around April 2025, Plaintiff was involved in a crash near Crestone, Colorado, the circumstances of which are consistent with vehicle systems interference attributable to Defendant's pattern of conduct.

## F. Physical Stalking and Harassment

20. Defendant engaged in a sustained course of physical surveillance and harassment of Plaintiff spanning from at least May 2020 through the date of this filing, as documented in twenty-eight (28) discrete incidents logged across that period.

21. Plaintiff filed multiple police reports with the Denver Police Department documenting incidents of stalking, harassment, and related conduct, including DPD Reports: DPD-23-0399494, DPD-23-273660, DPD-24-0180705, DPD-24-151781, and DPD-25-072705.

22. Despite documented reports, law enforcement failed to take adequate protective action, a failure consistent with Defendant's demonstrated ability to interfere with institutional processes.

## G. Solar System Sabotage

23. Plaintiff's residential solar energy system (Mosaic Solar) was subjected to deliberate sabotage consistent with Defendant's broader campaign, resulting in financial loss and deprivation of energy resources.

## H. Institutional Obstruction and Civil Rights Deprivation

24. Defendant, acting individually and in concert with persons acting under color of state law, obstructed Plaintiff's access to law enforcement, legal processes, and governmental protections to which Plaintiff is entitled under the United States Constitution.

25. These acts deprived Plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## IV. CAUSES OF ACTION

### COUNT I — CIVIL RICO (18 U.S.C. § 1962(c))

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Defendant constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4) and conducted the affairs of that enterprise through a pattern of racketeering activity.

28. The pattern of racketeering activity includes predicate acts of: wire fraud (18 U.S.C. § 1343), computer fraud (18 U.S.C. § 1030), identity theft, financial account manipulation, extortion, obstruction of justice, and telecommunications fraud, all committed in furtherance of the scheme described herein.

29. The predicate acts constitute a pattern spanning more than thirty years, establishing both continuity and relatedness as required under 18 U.S.C. § 1962.

30. As a direct and proximate result of Defendant's RICO violations, Plaintiff has suffered damages in an amount to be proven at trial, and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

### COUNT II — COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendant intentionally accessed Plaintiff's protected computers and electronic accounts without authorization and in excess of authorized access, in violation of 18 U.S.C. § 1030(a).

33. Defendant obtained information from Plaintiff's protected computers, caused damage and loss exceeding $5,000 in a one-year period, and caused damage to Plaintiff's business operations and financial accounts.

34. As a direct and proximate result of Defendant's CFAA violations, Plaintiff suffered losses and damages recoverable under 18 U.S.C. § 1030(g).

### COUNT III — FEDERAL STALKING (18 U.S.C. § 2261A)

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendant, using mail, interactive computer services, electronic communication services, and interstate commerce facilities, engaged in a course of conduct that caused Plaintiff substantial emotional distress and placed Plaintiff in reasonable fear of death or serious bodily injury, in violation of 18 U.S.C. § 2261A.

37. The course of stalking conduct spans decades and includes physical surveillance, digital monitoring, harassment through financial systems, and interference with Plaintiff's business and personal life.

### COUNT IV — WIRE FRAUD (18 U.S.C. § 1343)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Defendant devised and executed a scheme to defraud Plaintiff using wire communications, including electronic funds transfers, internet communications, and digital account manipulations, in furtherance of the Debt-Trap Engineering scheme described herein.

40. Each fraudulent wire transmission constitutes a separate violation of 18 U.S.C. § 1343, and the aggregate harm caused by these transmissions exceeds $15,000,000.

### COUNT V — CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendant, acting under color of state law or in concert with persons acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution, including rights under the First, Fourth, and Fourteenth Amendments.

43. These deprivations include denial of equal protection, interference with access to law enforcement and judicial processes, and deprivation of liberty and property without due process of law.

### COUNT VI — COLORADO STATE LAW CLAIMS

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Defendant's conduct constitutes violations of Colorado state law including: (a) Colorado Consumer Protection Act, C.R.S. § 6-1-105; (b) tortious interference with business relations; (c) intentional infliction of emotional distress; (d) civil conspiracy; (e) trespass to chattels; and (f) fraudulent misrepresentation.

## V. DAMAGES

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following categories of damages:

| Category | Estimated Amount |
|---|---|
| Wrongful foreclosure — 2947 N. Franklin St. | $697,000 – $730,000 |
| Financial account fraud and DTE losses | $250,000+ |
| Tesla vehicle tampering and insurance fraud | $75,000+ |
| Business losses — Heavy Elbow Bodywork LLC | $200,000+ |
| Solar system sabotage | $35,000+ |
| Emotional distress and personal harm | $500,000+ |
| RICO treble damages | 3x actual damages |
| TOTAL DEMAND | $15,000,000 |

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dameion Hines respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant on all counts;

2. Award compensatory damages in an amount to be proven at trial, in no event less than $15,000,000;

3. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations;

4. Issue a permanent injunction prohibiting Defendant from any further contact with Plaintiff, Plaintiff's business, Plaintiff's financial accounts, and Plaintiff's electronic systems;

5. Award punitive damages in an amount sufficient to deter future misconduct;

6. Award attorney's fees and costs to the extent permitted by law;

7. Order an accounting of all financial transactions subject to Defendant's interference;

8. Grant such other and further relief as the Court deems just and proper.

---

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

_____

Dameion Hines, Pro Se Plaintiff

25 E. 5th St., Apt. 709

Denver, CO 80203

Date: April 9, 2026

CERTIFICATION: I certify that the foregoing is true and correct to the best of my knowledge, information, and belief, signed under penalty of perjury pursuant to 28 U.S.C. § 1746.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

---

DAMEION HINES,

      Plaintiff,

v.

STEPHEN DAVID MARTINEZ,

      Defendant.

Civil Action No. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(JURY TRIAL DEMANDED)**

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Dameion Hines, proceeding pro se, brings this action against Defendant Stephen David Martinez and alleges as follows:

### I. PARTIES

1. Plaintiff Dameion Hines is a natural person and resident of Denver, Colorado, residing at 25 E. 5th St., Apt. 709, Denver, CO 80203. Plaintiff is the sole owner and operator of Heavy Elbow Bodywork LLC (Colorado SOS ID: 20141481052), a licensed massage therapy and structural bodywork practice located at 8 E. First Ave., Suite 108, Denver, CO 80203.

2. Defendant Stephen David Martinez is a natural person believed to reside at 2951 N. Franklin St., Denver, CO 80205. Defendant is known to Plaintiff as a long-standing adversary originating from a documented altercation at Gateway High School, Denver, Colorado, in or around 1993.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims arising under 18 U.S.C. § 1962 (RICO), 18 U.S.C. § 1030 (CFAA), 18 U.S.C. § 2261A (federal stalking), 18 U.S.C. § 1343 (wire fraud), and 42 U.S.C. § 1983 (civil rights). Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, Plaintiff resides in this District, and a substantial part of the events giving rise to the claims occurred in this District.

### III. FACTUAL BACKGROUND

#### A. Origins of the Campaign

5. Beginning in or around 1993 and escalating continuously through the date of this filing, Defendant Stephen David Martinez has engaged in a sustained, multi-year coordinated campaign of

harassment, cyber intrusion, financial fraud, physical stalking, vehicle tampering, and institutional obstruction directed at Plaintiff.

6. The campaign's origins trace to a documented altercation at Gateway High School in Denver, Colorado. What began as a personal grievance by Defendant has evolved over more than three decades into a systematic pattern of racketeering activity spanning financial, digital, physical, and institutional domains.

## B. Cyber Intrusion and Digital Exploitation

7. Defendant gained unauthorized access to Plaintiff's personal computers, mobile devices, financial accounts, and online platforms without Plaintiff's knowledge or authorization. This unauthorized access occurred repeatedly over multiple years and constitutes multiple violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

8. Through unauthorized access, Defendant intercepted private communications, obtained financial account credentials, and manipulated account settings to enable downstream financial fraud and harassment.

9. Defendant engaged in telecommunications interception, monitoring Plaintiff's calls, messages, and electronic communications without consent, in violation of federal wiretapping statutes and Colorado state law.

## C. Financial Fraud — Debt-Trap Engineering

10. Defendant orchestrated a systematic financial exploitation framework — hereinafter referred to as 'Debt-Trap Engineering' (DTE) — designed to maximize financial pressure on Plaintiff across nine identified financial accounts simultaneously.

11. The nine financial accounts subjected to DTE activity include: Wells Fargo (personal banking), American Express (personal and business), Apple Card, PayPal, Chase, Tesla Insurance, and Plaintiff's residential mortgage (Loan #665456539, UWM/Mr. Cooper/Nationstar).

12. In or around April 2021, Defendant orchestrated a peak DTE event in which seven simultaneous financial pressure vectors were activated within a single PayPal account within a condensed timeframe. This coordinated multi-vector pressure event constitutes the mathematical centerpiece of the financial fraud documented herein.

13. Through DTE activity, Defendant caused Plaintiff to incur fraudulent charges, unauthorized transfers, account closures, credit damage, and liquidity crises that directly undermined Plaintiff's ability to meet business and personal financial obligations.

## D. Wrongful Foreclosure — 2947 N. Franklin Street

14. Plaintiff was the owner of residential real property located at 2947 N. Franklin St., Denver, Colorado. This property was valued at approximately $697,000–$730,000 at the time of loss.

15. As a direct and proximate result of Defendant's DTE campaign and coordinated interference with Plaintiff's mortgage account (Loan #665456539), Plaintiff's property at 2947 N. Franklin St. was wrongfully foreclosed upon in September 2024.

16. The foreclosure was facilitated by manufactured defaults, suppressed loan modification communications, and account manipulation consistent with the broader DTE framework,

depriving Plaintiff of equity in excess of $697,000.

## E. Vehicle Tampering and Tesla Insurance Fraud

17. Plaintiff owns a Tesla Model 3 (VIN: 5YJ3E1EA1PF403471). Defendant engaged in unauthorized tampering with this vehicle and associated digital systems, including telematics and connectivity features.

18. Defendant caused or facilitated the fraudulent creation of dual insurance policies associated with Plaintiff's Tesla — Policy Nos. TLA-CO-A-9999P2GR and TLA-CO-A-9999S52T — resulting in Claim No. CL-88-99S52T-1 and causing direct financial and insurance harm to Plaintiff.

19. In or around April 2025, Plaintiff was involved in a crash near Crestone, Colorado, the circumstances of which are consistent with vehicle systems interference attributable to Defendant's pattern of conduct.

## F. Physical Stalking and Harassment

20. Defendant engaged in a sustained course of physical surveillance and harassment of Plaintiff spanning from at least May 2020 through the date of this filing, as documented in twenty-eight (28) discrete incidents logged across that period.

21. Plaintiff filed multiple police reports with the Denver Police Department documenting incidents of stalking, harassment, and related conduct, including DPD Reports: DPD-23-0399494, DPD-23-273660, DPD-24-0180705, DPD-24-151781, and DPD-25-072705.

22. Despite documented reports, law enforcement failed to take adequate protective action, a failure consistent with Defendant's demonstrated ability to interfere with institutional processes.

## G. Solar System Sabotage

23. Plaintiff's residential solar energy system (Mosaic Solar) was subjected to deliberate sabotage consistent with Defendant's broader campaign, resulting in financial loss and deprivation of energy resources.

## H. Institutional Obstruction and Civil Rights Deprivation

24. Defendant, acting individually and in concert with persons acting under color of state law, obstructed Plaintiff's access to law enforcement, legal processes, and governmental protections to which Plaintiff is entitled under the United States Constitution.

25. These acts deprived Plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## IV. CAUSES OF ACTION

### COUNT I — CIVIL RICO (18 U.S.C. § 1962(c))

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Defendant constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4) and conducted the affairs of that enterprise through a pattern of racketeering activity.

28. The pattern of racketeering activity includes predicate acts of: wire fraud (18 U.S.C. § 1343), computer fraud (18 U.S.C. § 1030), identity theft, financial account manipulation, extortion, obstruction of justice, and telecommunications fraud, all committed in furtherance of the scheme described herein.

29. The predicate acts constitute a pattern spanning more than thirty years, establishing both continuity and relatedness as required under 18 U.S.C. § 1962.

30. As a direct and proximate result of Defendant's RICO violations, Plaintiff has suffered damages in an amount to be proven at trial, and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

### COUNT II — COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendant intentionally accessed Plaintiff's protected computers and electronic accounts without authorization and in excess of authorized access, in violation of 18 U.S.C. § 1030(a).

33. Defendant obtained information from Plaintiff's protected computers, caused damage and loss exceeding $5,000 in a one-year period, and caused damage to Plaintiff's business operations and financial accounts.

34. As a direct and proximate result of Defendant's CFAA violations, Plaintiff suffered losses and damages recoverable under 18 U.S.C. § 1030(g).

### COUNT III — FEDERAL STALKING (18 U.S.C. § 2261A)

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendant, using mail, interactive computer services, electronic communication services, and interstate commerce facilities, engaged in a course of conduct that caused Plaintiff substantial emotional distress and placed Plaintiff in reasonable fear of death or serious bodily injury, in violation of 18 U.S.C. § 2261A.

37. The course of stalking conduct spans decades and includes physical surveillance, digital monitoring, harassment through financial systems, and interference with Plaintiff's business and personal life.

### COUNT IV — WIRE FRAUD (18 U.S.C. § 1343)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Defendant devised and executed a scheme to defraud Plaintiff using wire communications, including electronic funds transfers, internet communications, and digital account manipulations, in furtherance of the Debt-Trap Engineering scheme described herein.

40. Each fraudulent wire transmission constitutes a separate violation of 18 U.S.C. § 1343, and the aggregate harm caused by these transmissions exceeds $15,000,000.

## COUNT V — CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendant, acting under color of state law or in concert with persons acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution, including rights under the First, Fourth, and Fourteenth Amendments.

43. These deprivations include denial of equal protection, interference with access to law enforcement and judicial processes, and deprivation of liberty and property without due process of law.

## COUNT VI — COLORADO STATE LAW CLAIMS

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Defendant's conduct constitutes violations of Colorado state law including: (a) Colorado Consumer Protection Act, C.R.S. § 6-1-105; (b) tortious interference with business relations; (c) intentional infliction of emotional distress; (d) civil conspiracy; (e) trespass to chattels; and (f) fraudulent misrepresentation.

## V. DAMAGES

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following categories of damages:

| Category | Estimated Amount |
|---|---|
| Wrongful foreclosure — 2947 N. Franklin St. | $697,000 – $730,000 |
| Financial account fraud and DTE losses | $250,000+ |
| Tesla vehicle tampering and insurance fraud | $75,000+ |
| Business losses — Heavy Elbow Bodywork LLC | $200,000+ |
| Solar system sabotage | $35,000+ |
| Emotional distress and personal harm | $500,000+ |
| RICO treble damages | 3x actual damages |
| TOTAL DEMAND | $15,000,000 |

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dameion Hines respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant on all counts;

2. Award compensatory damages in an amount to be proven at trial, in no event less than $15,000,000;

3. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations;

**4.** Issue a permanent injunction prohibiting Defendant from any further contact with Plaintiff, Plaintiff's business, Plaintiff's financial accounts, and Plaintiff's electronic systems;

**5.** Award punitive damages in an amount sufficient to deter future misconduct;

**6.** Award attorney's fees and costs to the extent permitted by law;

**7.** Order an accounting of all financial transactions subject to Defendant's interference;

**8.** Grant such other and further relief as the Court deems just and proper.

---

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

_____

Dameion Hines, Pro Se Plaintiff

25 E. 5th St., Apt. 709

Denver, CO 80203

Date: April 9, 2026

*CERTIFICATION: I certify that the foregoing is true and correct to the best of my knowledge, information, and belief, signed under penalty of perjury pursuant to 28 U.S.C. § 1746.*